UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,<br><br>Defendants. | Case No. 1:19-cv-00988-JHR-SCY<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT; PROPOSED ORDER** |

This lawsuit challenges the EPA and Army's definition of the term "navigable waters" in the Clean Water Act, 33 U.S.C. §§ 1362(12) and 1362(7). On April 21, 2020, EPA and the Army adopted a new regulation, the Navigable Waters Protection Rule, redefining "navigable waters" under the Clean Water Act. In light of the new rule, Plaintiff respectfully files this Motion for Leave under Fed. R. Civ. P. 15(a)(2) and (d) to file a Supplemental Complaint in this matter, as attached at Exhibit A hereto in accordance with Local Rule 15.1.

The parties have conferred, Plaintiff has provided Defendants with the proposed pleading attached hereto as Exhibit A, Defendants have had an opportunity to review the proposed pleading, and Defendants have authorized Plaintiff to represent to the Court that this motion is unopposed by the Defendants.

The parties stipulate that, consistent with this Court's April 23, 2020, Order granting Defendants until June 29 to file a responsive pleading to the original Complaint, Dkt #22, Defendants will have until June 29 to file a responsive pleading to the Supplemental Complaint.

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2) aims to give litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Denying a motion for leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). When none of those circumstances are present, as is the case here, "leave to amend should be freely given." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 960 (D.N.M. 2018). Defendants' lack of opposition to this motion reflects that granting leave to Plaintiff to file a Supplemental Complaint will not prejudice Defendants.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." When deciding "whether to allow an amendment or supplement under Rule 15(d), it is proper for the Court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F. Supp. 2d 1177, 1185 n.6 (D.N.M. 2006). Given that Plaintiff

would file a new action asserting its amended claims in the event that its motion for leave is denied, judicial economy weighs in favor of granting Plaintiff leave to supplement the Complaint.

Plaintiff respectfully asks the Court to expeditiously grant this unopposed motion and enter an order granting Plaintiff leave to file the Proposed Supplemental Complaint attached hereto as Exhibit A.

DATED: April 27, 2020.

Respectfully submitted:

**PACIFIC LEGAL FOUNDATION**

By s/ Anthony L. François
ANTHONY L. FRANÇOIS (Federal Bar No. 15-74)
MOLLIE R. WILLIAMS (Cal. Bar No. 322970)*
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: TFrancois@pacificlegal.org
Email: MWilliams@pacificlegal.org
*Attorneys for Plaintiff, New Mexico Cattle Growers' Association*
*Pro Hac Vice

## [PROPOSED] ORDER

Plaintiff's unopposed motion to file the Proposed Supplemental Complaint attached hereto as Exhibit A is granted. Plaintiff shall file the Supplemental Complaint within 7 days of the entry of this order. Defendants shall have until June 29, 2020, to file a responsive pleading to the Supplemental Complaint.

_____
Steven C. Yarbrough, Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that, on April 27, 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

s/ Anthony L. François  
ANTHONY L. FRANÇOIS