UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,<br><br>Defendants. | Case No. 1:19-cv-00988-RB-SCY<br><br>**DECLARATION OF MICHELLE FROST-MAYNARD IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Based on personal knowledge, I, Michelle Frost-Maynard, declare:

1. I am the Interim Executive Director of the New Mexico Cattle Growers' Association ("NMCGA), which is headquartered at 2231 Rio Grande Blvd. NW, Albuquerque, New Mexico 87104. I have been on the staff of the New Mexico Cattle Growers' Association for 12 years.

2. I grew up on a cattle ranch in Eastern New Mexico, where my family has lived and ranched for 65 years. While growing up, I worked all aspects of our ranch and became familiar with the surrounding ranches as well.

3. The NMCGA is a non-profit trade organization incorporated under New Mexico law in 1952. The NMCGA represents nearly 1,400 members throughout New Mexico and some 19 other states, including cattle and sheep ranchers, business alliances, and supporters of the beef industry. The NMCGA lobbies on behalf of its members to protect private property rights and protect the ranching families in the state.

1

4. Should the non-abutting wetland and intermittent tributary provisions of the Navigable Waters Protection Rule be allowed to take effect, a significant number of NMCGA members will be required to seek Clean Water Section 404 permits for projects on or adjacent to waters and land features.

5. In my capacity as Interim Executive Director of the NMCGA, and in my 12 years' work for the organization, I routinely have interacted with our membership throughout the state. As a result of my interactions with our membership, I am familiar with water features that can be found on property throughout the states. Most of these properties have intermittent water drainages and non-abutting wetland features which may be subject to Army and EPA regulation under the Navigable Waters Protection Rule.

6. I am also familiar, from personal experience and through my work with NMCGA, with the variety of ranch and farm work that must be done in and around non-abutting wetlands and intermittent drainages. These include using heavy equipment for plowing and planting feed crops (sometimes at irregular intervals), using heavy equipment to move soil in intermittent drainages to prevent erosion or capture runoff, construction, relocation, and repair of stock ponds, filling eroded drainages with soil and other organic material to improve the hydrologic and ecologic features of such drainages, and erosion and flooding prevention and repair.

7. As I have worked with our membership, many of them have expressed concerns to me and to our other staff about the impact that the Navigable Waters Protection Rule will have on their livelihoods. Members are well aware of the widespread citizen lawsuits and live in fear of being subject to civil or criminal penalties. I am aware that many of our members cannot afford to

get dredge and fill permits for the work described in paragraph 6, and would be unable to productively operate their farms and ranches if they could not do these activities.

8. The NMCGA's policy is to strongly oppose any attempt by the EPA or the Army to implement regulations that would impair or effect state and private water rights, including the Navigable Waters Protection Rule. The NMCGA acts to ensure that the Association's policy of constitutional property rights be called to all levels of government, particularly the rights of an individual to own property that is protected by the state and federal constitutions and these rights should be strongly defended. That any loss of private lands or water rights or denial of use by regulatory action, including but not limited to water arising or claimed on federal or state trust lands without specific procedures of due process of law and just compensation for lands shall be opposed; agreements involving private lands and water rights shall be solely the decision and right of individual property owners. That rights to use surface and ground water established under state law are private property rights protected by the Constitution; government policy should enhance the individual right of free choice in the use of these waters.

9. Since the Navigable Waters Protection Rule was proposed in 2019, I and my colleagues at NMCGA have spent countless hours reading, researching, and analyzing the Rule and its potential impacts on New Mexico's ranching and farming families as well as private property owners.

10. Since the Rule was proposed in 2019, the NMCGA has spent significant time and resources informing the membership about the impacts of the Rule. This includes the use of phone and conference calls, emails, monthly updates via the New Mexico Stockman magazine, and the staging of statewide and regional meetings with the Rule as a topic.

11. In April 2019, NMCGA's counsel in this case filed extensive comments opposing the inclusion of non-abutting wetlands and intermittent tributaries in the final Rule.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, based on my own personal knowledge and experience.

Executed this 26th day of May, 2020, in Albuquerque, New Mexico.

*Michelle L. Frost-Maynard*
MICHELLE FROST-MAYNARD
Interim Executive Director