**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **NEW MEXICO CATTLE GROWERS'** )<br>**ASSOCIATION,** )<br> )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**UNITED STATES ENVIRONMENTAL** )<br>**PROTECTION AGENCY, et al.,** )<br> )<br>**Defendants,** )<br> )<br>　　**and** )<br> )<br>**AMIGOS BRAVOS, NEW MEXICO** )<br>**ACEQUIA ASSOCIATION, and GILA** )<br>**RESOURCES INFORMATION** )<br>**PROJECT,** )<br> )<br>**Intervening Cross-Claimants-Defendants** )<br>**(Proposed),** )<br>　　**v.** )<br> )<br>**UNITED STATES ENVIRONMENTAL** )<br>**PROTECTION AGENCY, et al.,** )<br> )<br>**Cross-Defendants.** )<br>　　　　　　　　　　　　　　　　　)| **No. 1:19–CV–00988–RB–SCY** |

## ANSWER OF INTERVENOR DEFENDANTS

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Intervenor-Defendants

Amigos Bravos, New Mexico Acequia Association, and Gila Resources Information Project

("Intervenors") hereby file their answer to the First Supplemental Complaint (Doc. 26) that the New

1

Mexico Cattle Growers' Association filed against the United States Environmental Protection Agency and the United States Army Corps of Engineers on April 27, 2020.

## INTRODUCTION

1.     The Intervenors deny the averments in paragraph 1 that criminal penalties under the Clean Water Act are "severe," or that permitting is "onerous" or "expensive," or that it "costs hundreds of thousands of dollars on average."   The remainder of paragraph 1 states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

2.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in the first sentence paragraph 2 of the Supplemental Complaint, and therefore deny them. The remainder of paragraph 2 characterizes the Complaint, which speaks for itself.

## JURISDICTION

3.     Paragraph 3 of the Supplemental Complaint states a legal conclusion and requires no response.

4.     Paragraph 4 of the Supplemental Complaint states a legal conclusion and requires no response.

5.     Paragraph 5 of the Supplemental Complaint states a legal conclusion and requires no response.

6.     Paragraph 6 of the Supplemental Complaint states a legal conclusion and requires no response.

7.     Paragraph 7 of the Supplemental Complaint states a legal conclusion and requires no response.

## PARTIES

### PLAINTIFF

8.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 8 of the Supplemental Complaint, and therefore deny them.

### DEFENDANTS

9.    The Intervenors admit the averments in paragraph 9 of the Supplemental Complaint.

10.    The Intervenors admit the averments in paragraph 10 of the Supplemental Complaint.

11.    The Intervenors admit the averments in paragraph 11 of the Supplemental Complaint.

12.    The Intervenors admit the averments in paragraph 12 of the Supplemental Complaint.

### LEGAL BACKGROUND

13.    Paragraph 13 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

14.    Paragraph 14 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

### CLEAN WATER ACT

15.    Paragraph 15 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

16.    Paragraph 16 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited statutes, court decision, and legislative history

speak for themselves and deny any characterization inconsistent with their plain language and meaning.

17.    Paragraph 17 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

### EARLY AGENCY REGULATION AND *RIVERSIDE BAYVIEW HOMES*

18.    The Intervenors admit that the Army adopted regulations in 1974 to define "navigable waters."  The Intervenors also admit that the United States District Court for the District of the District of Columbia found the rules to be inadequate.  The remainder of paragraph 18 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

19.    The Intervenors admit the averments in paragraph 19 of the Supplemental Complaint. The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with its plain language and meaning.

20.    The Intervenors admit the averment in paragraph 20 of the Supplemental Complaint that the United States Supreme Court decided *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985) in 1985.  The remainder of paragraph 20 states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

4

21.     The Intervenors admit the averments in paragraph 21 of the Supplemental Complaint. The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning

22.     The Intervenors admit the averments in paragraph 22 of the Supplemental Complaint. The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning

### *SWANCC* **AND** *RAPANOS*

23.     The Intervenors admit the averment in paragraph 23 of the Supplemental Complaint that the United States Supreme Court reviewed the 1986 regulations in *Solid Waste Agency of N. Cook Cnty. v. Army Corps of Eng'rs*, 531 U.S. 159 (2001). The remainder of paragraph 23 states a legal conclusion and requires no response. The Intervenors further state that the cited regulations and court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

24.     Paragraph 24 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

25.     Paragraph 25 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

26.     Paragraph 26 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

27.     Paragraph 27 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

## 2008 POST-*RAPANOS* GUIDANCE

28.     The Intervenors admit the averments in paragraph 28 of the Supplemental Complaint. The Intervenors further state that the cited guidance document speaks for itself and deny any characterization inconsistent with its plain language and meaning.

29.     Paragraph 29 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

30.     The Intervenors admit the averments in paragraph 30 of the Supplemental Complaint. The Intervenors further state that the cited guidance document speaks for itself and deny any characterization inconsistent with its plain language and meaning.

31.     Paragraph 31 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited guidance document speaks for itself and deny any characterization inconsistent with its plain language and meaning.

## THE 2015 NAVIGABLE WATERS DEFINITION

32.     The Intervenors admit the averments in paragraph 32 of the Supplemental Complaint. The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

33.     The Intervenors admit that the U.S. District Court for the Southern District of Georgia issued a summary judgment order on August 21, 2019. The remaining averments state a legal

conclusion and require no response. The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

34.     The Intervenors admit the averment in paragraph 34 of the Supplemental Complaint that Defendants published the Repeal and Recodify Rule on October 22, 2019, which rescinded the 2015 Clean Water Rule and readopted the 1986 Regulations and related guidance. The remainder of paragraph 34 states a legal conclusion and requires no response.

## THE REPEAL AND RECODIFY RULE

35.     The Intervenors admit the averments in paragraph 35 of the Supplemental Complaint. The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

36.     The Intervenors admit the averments in paragraph 36 of the Supplemental Complaint. The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

37.     The Intervenors admit the averments in paragraph 37 of the Supplemental Complaint.

38.     The Intervenors admit the averments in paragraph 38 of the Supplemental Complain The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.t.

39.     Paragraph 39 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and statute speak for themselves and deny any characterization inconsistent with their plain language and meaning.

40.     Paragraph 40 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited regulations, court decisions, and statute speak for themselves and deny any characterization inconsistent with their plain language and meaning.

41.     Paragraph 41 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and statute speak for themselves and deny any characterization inconsistent with their plain language and meaning.

## THE NAVIGABLE WATERS PROTECTION RULE

42.     The Intervenors admit the averment in paragraph 42 of the Supplemental Complaint that on February 14, 2019, EPA and the Army proposed a revised definition of "navigable waters." In response to the fourth sentence of Paragraph 42, the Intervenors deny that the Agencies fully considered public comments on the proposed replacement rule.  The last sentence of paragraph 42 states a legal conclusion and requires no response.  The Intervenors lack sufficient information or knowledge to admit or deny the averments in the remainder of paragraph 42, and therefore deny them.

43.     The Intervenors admit the averment in paragraph 43 of the Supplemental Complaint that on April 21, 2020, EPA and the Army promulgated a final regulation called the Navigable Water Protection Rule.  The Intervenors deny that the Agencies fully considered "all aspects of the resulting definition."  The remainder of paragraph 43 states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and Federal Register publications speak for themselves and deny any characterization inconsistent with their plain language and meaning.

44.     Paragraph 44 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

45.     Paragraph 45 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

46.     Paragraph 46 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

## DECLARATORY RELIEF ALLEGATIONS

47.     The Intervenors incorporate by reference their responses to paragraphs 1 through 46 of the Supplemental Complaint as set forth above.

48.     Paragraph 48 of the Supplemental Complaint characterizes the Complaint, which speaks for itself.  To the extent it summarizes the Agencies' position, paragraph 48 states a legal conclusion and requires no response.

49.     Paragraph 49 of the Supplemental Complaint states a legal conclusion and requires no response.

50.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 50 of the Supplemental Complaint, and therefore deny them.

51.     Paragraph 51 of the Supplemental Complaint states a legal conclusion and requires no response.

## INJUNCTIVE RELIEF ALLEGATIONS

52.    The Intervenors incorporate by reference their responses to paragraphs 1 through 51 of the Supplemental Complaint as set forth above.

53.    The first clause of the first sentence of paragraph 53 states a legal conclusion to which no response is required.  The Intervenors lack sufficient information or knowledge to admit or deny the remaining averments in paragraph 53 of the Supplemental Complaint, and therefore deny them. The Intervenors further state that the challenged 2020 regulation regulates fewer waters than any regulatory scheme in over forty years.

54.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 54 of the Supplemental Complaint, and therefore deny them.

55.    Plaintiff's characterization of the challenged rule as "illegal" is a legal conclusion to which no response is required.  The Intervenors lack sufficient information or knowledge to admit or deny the averments in the remainder of paragraph 55 of the Supplemental Complaint, and therefore deny them.

56.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 56 of the Supplemental Complaint, and therefore deny them.

57.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 57 of the Supplemental Complaint, and therefore deny them.

## FIRST CLAIM FOR RELIEF

58.    The Intervenors incorporate by reference their responses to paragraphs 1 through 57 of the Supplemental Complaint as set forth above.

10

59.    Paragraph 59 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

60.    Paragraph 60 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

61.    Paragraph 61 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

62.    Paragraph 62 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

**SECOND CLAIM FOR RELIEF**

63.    The Intervenors incorporate by reference their responses to paragraphs 1 through 62 of the Supplemental Complaint as set forth above.

64.    Paragraph 64 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

65.    Paragraph 65 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

11

66.     Paragraph 66 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

### THIRD CLAIM FOR RELIEF

67.     The Intervenors incorporate by reference their responses to paragraphs 1 through 66 of the Supplemental Complaint as set forth above.

68.     Paragraph 68 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

69.     Paragraph 69 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

70.     Paragraph 70 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

### FOURTH CLAIM FOR RELIEF

71.     The Intervenors incorporate by reference their responses to paragraphs 1 through 70 of the Supplemental Complaint as set forth above.

72.     Paragraph 72 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

73.     Paragraph 73 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

74.     Paragraph 74 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

## FIFTH CLAIM FOR RELIEF

75.     The Intervenors incorporate by reference their responses to paragraphs 1 through 74 of the Supplemental Complaint as set forth above.

76.     The Intervenors admit the averments of paragraph 76 of the Supplemental Complaint.

77.     The Intervenors admit the averments of paragraph 77 of the Supplemental Complaint.

78.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 78 of the Supplemental Complaint, and therefore deny them.

79.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in the first sentence of paragraph 79 of the Supplemental Complaint, and therefore deny them.  The second sentence of paragraph 79 states a legal conclusion and requires no response.

## SIXTH CLAIM FOR RELIEF

80.     The Intervenors incorporate by reference their responses to paragraphs 1 through 79 of the Supplemental Complaint as set forth above.

81.     Paragraph 81 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

82.     Paragraph 82 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations, Constitutional amendment, and statute speak for themselves and deny any characterization inconsistent with their plain language and meaning.

83.     Paragraph 83 of the Supplemental Complaint states a legal conclusion and requires no response.

## SEVENTH CLAIM FOR RELIEF

84.     The Intervenors incorporate by reference their responses to paragraphs 1 through 83 of the Supplemental Complaint as set forth above.

85.     Paragraph 85 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

86.     Paragraph 86 of the Supplemental Complaint states a legal conclusion and requires no response.

## EIGHTH CLAIM FOR RELIEF

87.     The Intervenors incorporate by reference their responses to paragraphs 1 through 86 of the Supplemental Complaint as set forth above.

88.     The Intervenors admit the averments of paragraph 88 of the Supplemental Complaint. The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

89.     Paragraph 89 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

90.     Paragraph 90 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

91.     Paragraph 91 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

92.     Paragraph 92 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors deny that the Clean Water Act is unconstitutional.

93.     Paragraph 93 of the Supplemental Complaint states a legal conclusion and requires no response.

**NINTH CLAIM FOR RELIEF**

94.     The Intervenors incorporate by reference their responses to paragraphs 1 through 93 of the Supplemental Complaint as set forth above.

95.     Paragraph 95 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

15

96.     Paragraph 96 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

97.     Paragraph 97 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

98.     Paragraph 98 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and guidance documents speak for themselves and deny any characterization inconsistent with their plain language and meaning.

99.     Paragraph 99 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute, regulations, and guidance documents speak for themselves and deny any characterization inconsistent with their plain language and meaning.

**TENTH CLAIM FOR RELIEF**

100.    The Intervenors incorporate by reference their responses to paragraphs 1 through 99 of the Supplemental Complaint as set forth above.

101.    Paragraph 101 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and guidance document speak for themselves and deny any characterization inconsistent with their plain language and meaning.

102.    Paragraph 102 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the guidance document and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

103.     Paragraph 103 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the guidance document and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

104.     Paragraph 104 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the guidance document and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

## ELEVENTH CLAIM FOR RELIEF

105.     The Intervenors incorporate by reference their responses to paragraphs 1 through 104 of the Supplemental Complaint as set forth above.

106.     Paragraph 106 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

107.     Paragraph 107 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

108.     Paragraph 108 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

109.     Intervenors admit the averment in paragraph 109 of the Supplemental Complaint that Congress' power under the Commerce Clause of the Constitution is "expansive."  The remainder of paragraph 109 states a legal conclusion and requires no response.  The Intervenors further state that

the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

110.     Paragraph 110 of the Supplemental Complaint states a legal conclusion and requires no response.

111.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 111 of the Supplemental Complaint, and therefore deny them.

112.     Paragraph 112 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with their plain language and meaning.

113.     Paragraph 113 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision and regulation speak for themselves and deny any characterization inconsistent with their plain language and meaning.

114.     Paragraph 114 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

115.     Paragraph 115 of the Supplemental Complaint states a legal conclusion and requires no response.

### TWELFTH CLAIM FOR RELIEF

116.     The Intervenors incorporate by reference their responses to paragraphs 1 through 115 of the Supplemental Complaint as set forth above.

117.    Paragraph 117 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

118.    Paragraph 118 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

119.    Paragraph 119 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

120.    Paragraph 120 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

121.    Paragraph 121 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

122.    Paragraph 122 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

123.    The Intervenors deny the averments of paragraph 123 of the Supplemental Complaint.

124.    Paragraph 124 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

19

125.    The Intervenors admit that intermittent non-navigable streams may occur on private property, and that private property can be used for many uses including those listed in paragraph 125 of the Supplemental Complaint.  The Intervenors lack sufficient information or knowledge to admit or deny the remaining averments in paragraph 125, and therefore deny them.

126.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 126 of the Supplemental Complaint, and therefore deny them.

127.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 127 of the Supplemental Complaint, and therefore deny them.

128.    Paragraph 128 of the Supplemental Complaint states a legal conclusion and requires no response.

129.    Paragraph 129 of the Supplemental Complaint states a legal conclusion and requires no response.

## THIRTEENTH CLAIM FOR RELIEF

130.    The Intervenors incorporate by reference their responses to paragraphs 1 through 129 of the Supplemental Complaint as set forth above.

131.    Paragraph 131 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

132.    Paragraph 132 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

133.     Paragraph 133 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

134.     Paragraph 134 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

135.     Paragraph 135 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

136.     Paragraph 136 of the Supplemental Complaint states a legal conclusion and requires no response.

137.     The Intervenors admit that perennial non-navigable streams may occur on private property, and that private property can be used for many uses including those listed in paragraph 137 of the Supplemental Complaint.  The Intervenors lack sufficient information or knowledge to admit or deny the remaining averments in paragraph 137, and therefore deny them.

138.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 138 of the Supplemental Complaint, and therefore deny them.

139.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 139 of the Supplemental Complaint, and therefore deny them.

140.     Paragraph 140 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

21

141.    Paragraph 141 of the Supplemental Complaint states a legal conclusion and requires no response.

## FOURTEENTH CLAIM FOR RELIEF

142.    The Intervenors incorporate by reference their responses to paragraphs 1 through 141 of the Supplemental Complaint as set forth above.

143.    Paragraph 143 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

144.    Paragraph 144 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

145.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 145 of the Supplemental Complaint, and therefore deny them.

146.    The Intervenors deny the averments of paragraph 146 of the Supplemental Complaint.

147.    Paragraph 147 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

148.    Paragraph 148 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

149.     Paragraph 149 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

150.     Paragraph 150 of the Supplemental Complaint states a legal conclusion and requires no response.

## FIFTEENTH CLAIM FOR RELIEF

151.     The Intervenors incorporate by reference their responses to paragraphs 1 through 150 of the Supplemental Complaint as set forth above.

152.     Paragraph 152 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

153.     Paragraph 153 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

154.     Paragraph 154 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and statute speak for themselves and deny any characterization inconsistent with their plain language and meaning.

155.     The Intervenors admit that wetlands may occur on private property, and that private property can be used for many uses including those listed in paragraph 155 of the Supplemental Complaint.  The Intervenors lack sufficient information or knowledge to admit or deny the remaining averments in paragraph 155, and therefore deny them.

156.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 156 of the Supplemental Complaint, and therefore deny them.

157.    The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 157 of the Supplemental Complaint, and therefore deny them.

158.    Paragraph 158 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

159.    Paragraph 159 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

160.    Paragraph 160 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

161.    Paragraph 161 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

162.    Paragraph 162 of the Supplemental Complaint states a legal conclusion and requires no response.

### SIXTEENTH CLAIM FOR RELIEF

163.    The Intervenors incorporate by reference their responses to paragraphs 1 through 162 of the Supplemental Complaint as set forth above.

24

164.     Paragraph 164 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

165.     Paragraph 165 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

166.     Paragraph 166 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision and legislative history speak for themselves and deny any characterization inconsistent with their plain language and meaning.

167.     Paragraph 167 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

168.     Paragraph 168 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision and legislative history speak for themselves and deny any characterization inconsistent with their plain language and meaning.

169.     Paragraph 169 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

170.     Paragraph 170 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision and constitutional provisions speak for themselves and deny any characterization inconsistent with their plain language and meaning.

171.     Paragraph 171 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulation speaks for itself and deny any characterization inconsistent with its plain language and meaning.

172.     The Intervenors admit that the referenced waters may occur on private property, and that private property can be used for many uses including those listed in paragraph 172 of the Supplemental Complaint.  The Intervenors lack sufficient information or knowledge to admit or deny the remaining averments in paragraph 172, and therefore deny them.

173.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 173 of the Supplemental Complaint, and therefore deny them.

174.     The Intervenors lack sufficient information or knowledge to admit or deny the averments in paragraph 173 of the Supplemental Complaint, and therefore deny them.

175.     Paragraph 175 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute, court decision, and constitutional provision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

176.     The Intervenors deny the averments of the first sentence of paragraph 176 of the Supplemental Complaint.  The remainder of paragraph 176 states a legal conclusion and requires no response.   The Intervenors further state that the court decisions, statute, and constitutional amendment speak for themselves and deny any characterization inconsistent with their plain language and meaning.

177.     Paragraph 177 of the Supplemental Complaint states a legal conclusion and requires no response.

## SEVENTEENTH CLAIM FOR RELIEF

178.    The Intervenors incorporate by reference their responses to paragraphs 1 through 177 of the Supplemental Complaint as set forth above.

179.    Paragraph 179 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

180.    Paragraph 180 of the Supplemental Complaint states a legal conclusion and requires no response. The Intervenors further state that the cited regulations and court decision speak for themselves and deny any characterization inconsistent with their plain language and meaning.

181.    Paragraph 181 of the Supplemental Complaint states a legal conclusion and requires no response. vThe Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

182.    Paragraph 182 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning. By way of further response, the Intervenors deny that the Clean Water Act is unconstitutional.

183.    Paragraph 183 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

184.     Paragraph 184 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

185.     Paragraph 185 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

186.     Paragraph 186 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors deny that the Clean Water Act is unconstitutional.

**EIGHTEENTH CLAIM FOR RELIEF**

187.     The Intervenors incorporate by reference their responses to paragraphs 1 through 186 of the Supplemental Complaint as set forth above.

188.     Paragraph 188 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any characterization inconsistent with its plain language and meaning.

189.     Paragraph 189 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited regulations speak for themselves and deny any characterization inconsistent with their plain language and meaning.

190.     Paragraph 190 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statute speaks for itself and deny any

characterization inconsistent with its plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

191.    Paragraph 191 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited statutes speak for themselves and deny any characterization inconsistent with their plain language and meaning.  The Intervenors deny that the Clean Water Act is unconstitutional.

192.    Paragraph 192 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors further state that the cited court decision speaks for itself and deny any characterization inconsistent with its plain language and meaning.

193.    Paragraph 193 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors deny that the Clean Water Act is unconstitutional.

194.    Paragraph 194 of the Supplemental Complaint states a legal conclusion and requires no response.  The Intervenors deny that the Clean Water Act is unconstitutional.

195.    Paragraph 195 of the Supplemental Complaint states a legal conclusion and requires no response.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint constitutes its requests for relief to which no response is required.  The Intervenors deny that Plaintiff is entitled to all of the relief requested on each of its claims.

## GENERAL DENIAL

To the extent that any allegation in the Supplemental Complaint has not been admitted or specifically responded to above, the Intervenors deny such allegation.

**DEFENSES**

1.      Plaintiff has failed to state a claim for which relief can be granted with respect to one or more of the claims set forth in the Supplemental Complaint.

2.      Plaintiff has forfeited claims on which it took a contrary position in its comments before the Agencies.

3.      The Intervenors reserve the right to raise any defense, including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12.


Respectfully submitted,

Charles de Saillan
Douglas Meiklejohn
Eric Jantz
New Mexico Environmental Law Center
1405 Luisa Street, Suite 5
Santa Fe, New Mexico  87505
Telephone: (505) 989-9022
cdesaillan@nmelc.org
dmeiklejohn@nmelc.org
ejantz@nmelc.org
*Counsel for the Water Conservation Groups*

Enrique Romero
New Mexico Acequia Association
805 Early Street
Suite B203
Santa Fe, New Mexico  87505
Telephone: (505) 995-9644
enrique@lasacequias.org
*Counsel for the New Mexico Acequia Association*

J. Blanding Holman IV*
Southern Environmental Law Center
bholman@selcsc.org
525 East Bay Street
Charleston, SC 29403
Telephone: (843) 720-5270
*Counsel for Amigos Bravos*

Megan Hinkle Huynh*
Southern Environmental Law Center
mhuynh@selcga.org
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
Telephone: (404) 521-9900
*Counsel for Amigos Bravos*

**pro hac vice* applications forthcoming

30

## CERTIFICATE OF SERVICE

I certify that on June 23, 2020, I electronically filed the foregoing Proposed Response in

Opposition to Plaintiff's Motion for Summary Judgment with the Clerk of Court using the

CM/ECF system, which will send notification of this filing to the attorneys of record.