# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION, | ) ) ) | Case No. 1:19-cv-00988-RB-SCY |
| Plaintiff, | ) ) | |
| v. | ) ) | **PLAINTIFF NEW MEXICO CATTLE GROWERS' ASSOCIATION'S ANSWER TO INTERVENORS' CROSS-COMPLAINT** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., | ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| AMIGOS BRAVOS, NEW MEXICO ACEQUIA ASSOCIATION, and GILA RESOURCES INFORMATION PROJECT, | ) ) ) ) ) | |
| Intervening Cross-Claimants-Defendants. | ) ) | |

## PRELIMINARY STATEMENT

1.      The allegations paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Some of the allegations in paragraph 1 also purport to characterize the *Navigable Waters Protection Rule: Definition of "Waters of the United States,"* 85 Fed. Reg. 22,250 (Apr. 21, 2020) (codified at 40 C.F.R. pts. 110, 112, 116, 117, 120, 122, 230, 232, 300, 302, and 401) (the "2020 Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2020 Rule are further denied. Plaintiff lacks information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 1, and on that basis deny the same.

2.     The allegations in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.     The allegations in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 3 also purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2020 Rule are further denied.

4.     The allegations in paragraph 4 purport to characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis deny the same.

5.     Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies the same.

6.     The allegations in paragraph 6 constitute conclusions of law and Intervenors' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that Intervenors are entitled to relief to the extent of vacating the 2020 Rule.

**JURISIDICTION AND VENUE**

8.     Plaintiff admits the allegations of paragraph 8.

9.      The allegations in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

10.      Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies the same.

11.      Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the same.

12.      Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies the same.

13.      Plaintiff admits the allegations in paragraph 13.

14.      Plaintiff admits the allegations in paragraph 14.

15.      Plaintiff admits the allegations in paragraph 15.

16.      Plaintiff admits the allegations in paragraph 16.

## STATUTORY BACKGROUND

### A.      The Clean Water Act

17.      The allegations in paragraph 17 purport to characterize federal statutes and legislative history which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

18.      The allegations in paragraph 18 purport to characterize federal statutes, legislative history, and federal court decisions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

19.     The allegations in paragraph 19 purport to characterize federal statutes and federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

20.     The allegations in paragraph 20 purport to characterize federal statutes and federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

21.     The allegations in paragraph 21 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

22.     The allegations in paragraph 22 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 22 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23.     The allegations in paragraph 23 purport to characterize federal statutes and legislative history which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 23 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     The allegations in paragraph 24 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

25.     The allegations in paragraph 25 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 25 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     The allegations in paragraph 26 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

27.     The allegations in paragraph 27 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 27 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28.     The allegations in paragraph 28 purport to characterize federal statutes and federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 28 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.     The allegations in paragraph 29 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 29 also

constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30.     The allegations in paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31.     The allegations in paragraph 31 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 31 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32.     The allegations in paragraph 32 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 32 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff admits the allegations of the last sentence of paragraph 32.

### THE ADMINISTRATIVE PROCEDURE ACT

33.     The allegations in paragraph 33 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 33 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34.     The allegations in paragraph 34 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 34 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35.     The allegations in paragraph 35 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 35 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36.     The allegations in paragraph 36 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 36 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37.     The allegations in paragraph 37 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 37 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38.     The allegations in paragraph 38 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary

to the plain language and meaning of these provisions are denied. The allegations in paragraph 38 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39.     The allegations in paragraph 39 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 39 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40.     The allegations in paragraph 40 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 40 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41.     The allegations in paragraph 41 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 41 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42.     Plaintiff admits the allegations of paragraph 42.

## PRIOR INTERPRETATION OF "WATERS OF
## THE UNITED STATES" AGENCY REGULATIONS

43.     The allegations in paragraph 43 purport to characterize federal regulations which speak for themselves and are the best evidence of their contents. Any allegations contrary to the

plain language and meaning of these provisions are denied. The allegations in paragraph 43 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44.     The allegations in paragraph 44 purport to characterize federal regulations and federal regulations which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 44 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45.     The allegations in paragraph 45 purport to characterize federal regulations which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 45 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**B.     Supreme Court Decisions**

46.     The allegations in paragraph 46 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 46 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47.     The allegations in paragraph 47 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 47

also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48.      The allegations in paragraph 48 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 48 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49.      The allegations in paragraph 49 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 49 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50.      The allegations in paragraph 50 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 50 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51.      The allegations in paragraph 51 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 51 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52.     The allegations in paragraph 52 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 52 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53.     The allegations in paragraph 53 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 53 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### C.     Agency Guidance

54.     The allegations in paragraph 54 purport to characterize federal agency guidance which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 54 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55.     The allegations in paragraph 55 purport to characterize federal agency guidance which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 55 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**D.     The 2015 Clean Water Rule**

56.     The allegations in paragraph 56 purport to characterize federal regulations which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 56 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57.     The allegations in paragraph 57 purport to characterize federal regulations which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 57 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58.     The allegations in paragraph 58 purport to characterize federal regulations which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 58 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59.     The allegations in paragraph 59 purport to characterize federal regulations which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 59 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     The allegations in paragraph 60 purport to characterize federal regulations which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 60 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61.     The allegations in paragraph 61 purport to characterize the Science Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. To the extent the allegations of paragraph 61 may be deemed allegations of fact, they are denied.

62.     The allegations in paragraph 62 purport to characterize provisions of the Science Report which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations of paragraph 62 may be deemed allegations of fact, they are denied.

63.     The allegations in paragraph 63 purport to characterize provisions of the Science Report which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations of paragraph 63 may be deemed allegations of fact, they are denied.

64.     The allegations in paragraph 64 purport to characterize provisions of the Science Report which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations of paragraph 64 may be deemed allegations of fact, they are denied.

65.     The allegations in paragraph 65 purport to characterize statements in the federal register which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations of paragraph 65 may be deemed allegations of fact, they are denied.

**CURRENT RULEMAKINGS PRELUDE TO THE REPLACEMENT RULE**

66.     The allegations in paragraph 66 purport to characterize a presidential executive order which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

67.     The allegations in paragraph 67 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations of paragraph 67 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     The allegations in paragraph 68 purport to characterize a proposed federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations of paragraph 68 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69.     The allegations in paragraph 69 purport to characterize statements in the federal register which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations of

paragraph 68 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70.     Plaintiff admits the allegations of paragraph 70. To the extent the allegations of paragraph 70 may be read to incorporate the text of Intervenors' comments, they are denied.

**REPLACEMENT RULE**

71.     The allegations in paragraph 71 purport to characterize a proposed federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations of paragraph 71 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.     The allegations in paragraph 72 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 72 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.     The allegations in paragraph 73 purport to characterize a federal regulation and the Science Report which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 73 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74.     The allegations in paragraph 74 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

language and meaning of this document are denied. The allegations in paragraph 74 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75.     The allegations in paragraph 75 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 75 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     The allegations in paragraph 76 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 76 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77.     The allegations in paragraph 77 purport to characterize a federal regulation and statements in the federal register which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 77 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78.     The allegations in paragraph 78 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 78 also contain

conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79.     The allegations in paragraph 79 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 79 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The allegations in paragraph 80 purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 80 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## DEFICINCIES IN THE REPLACEMENT RULE

81.     The allegations in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.     The allegations in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.     The allegations in paragraph 83 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84.     The allegations in paragraph 84 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85.     The allegations in paragraph 85 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.     The allegations in paragraph 86 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     The allegations in paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88.     The allegations in paragraph 88 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

89.     The allegations in paragraph 89 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90.     The allegations in paragraph 90 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91.     The allegations in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92.     The allegations in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 93, and on that basis denies them. To the extent the allegations in paragraph 92 also constitute conclusions of law, no answer is required.

## INTERESTS OF WATER GROUPS

94.     The allegations in paragraph 94 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 95, and on that basis denies them. To the extent the allegations in paragraph 95 purport to characterize Intervenors' organizational documents, the documents speak for themselves and are the best evidence of their contents; any allegation that conflicts with the plain meaning of the documents is denied.

96.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 96, and on that basis denies them.

97.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 97, and on that basis denies them.

98.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 98, and on that basis denies them.

99.     Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 99, and on that basis denies them.

100.    Plaintiff denies the allegations of paragraph 100 to the extent they allege that Intervenors use or depend on water from sources on Plaintiff's members' farms, ranches, or other property.

101.    Plaintiff denies the allegations of paragraph 101 to the extent they allege that Intervenors engage in recreation that depends on water from sources on Plaintiff's members' farms, ranches, or other property. As to the remaining allegations in paragraph 101, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

102.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 102, and on that basis denies them.

103. Plaintiff denies the allegations of paragraph 103 to the extent they allege that Plaintiff's members' use of their own farms, ranches, or other property will cause the harms alleged. As to the remaining allegations in paragraph 103, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

104. Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 104, and on that basis denies them. To the extent the allegations of paragraph 104 constitute legal conclusions, no answer is required.

### NEW MEXICO ACEQUIA ASSOCIATION

105. The allegations in paragraph 105 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

106. Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 106, and on that basis denies them. To the extent the allegations in paragraph 106 purport to characterize Intervenors' organizational documents, the documents speak for themselves and are the best evidence of their contents; any allegation that conflicts with the plain meaning of the documents is denied.

107. Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 107, and on that basis denies them. To the extent the allegations in paragraph 107 purport to characterize Intervenors' organizational documents, the documents speak for themselves and are the best evidence of their contents; any allegation that conflicts with the plain meaning of the documents is denied.

108. Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 108, and on that basis denies them.

109.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 109, and on that basis denies them.

110.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 110, and on that basis denies them.

111.    Plaintiff denies the allegations of paragraph 111 to the extent they allege that Intervenors use or depend on water from sources on Plaintiff's members' farms, ranches, or other property. As to the remaining allegations in paragraph 111, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

112.    Plaintiff denies the allegations of paragraph 112 to the extent they allege that Plaintiff's members' use of their own farms, ranches, or other property will cause the harms alleged. As to the remaining allegations in paragraph 112, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

113.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 113, and on that basis denies them. To the extent the allegations of paragraph 113 constitute legal conclusions, no answer is required.

## GILA RESOURCES INFORMATION PROJECT

114.    The allegations in paragraph 114 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

115.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 115, and on that basis denies them. To the extent the allegations in paragraph 115 purport to characterize Intervenors' organizational documents, the documents speak

for themselves and are the best evidence of their contents; any allegation that conflicts with the plain meaning of the documents is denied.

116.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 116, and on that basis denies them. To the extent the allegations in paragraph 116 purport to characterize Intervenors' organizational documents, the documents speak for themselves and are the best evidence of their contents; any allegation that conflicts with the plain meaning of the documents is denied.

117.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 117, and on that basis denies them.

118.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 118, and on that basis denies them.

119.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 119, and on that basis denies them.

120.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 120, and on that basis denies them.

121.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 121, and on that basis denies them.

122.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 122, and on that basis denies them.

123.    Plaintiff denies the allegations of paragraph 123 to the extent they allege that Intervenors use or depend on water from sources on Plaintiff's members' farms, ranches, or other

property for recreation. As to the remaining allegations in paragraph 123, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

124.    Plaintiff denies the allegations of paragraph 124 to the extent they allege that Intervenors use or depend on water from sources on Plaintiff's members' farms, ranches, or other property for recreation or other purposes. As to the remaining allegations in paragraph 124, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

125.    Plaintiff denies the allegations of paragraph 125 to the extent they allege that Plaintiff's members' use of their own farms, ranches, or other property will cause the harms alleged. As to the remaining allegations in paragraph 125, Plaintiff lacks sufficient information and belief to form an opinion and on that basis denies them.

126.    Plaintiff lacks sufficient information and belief to form an opinion on the allegations in paragraph 126, and on that basis denies them. To the extent the allegations of paragraph 126 constitute legal conclusions, no answer is required.

## CAUSES OF ACTION

### COUNT I
### Exclusion of Ephemeral Features in Violation of the APA

127.    Plaintiff incorporates by reference the responses in the preceding paragraphs.

128.    The allegations in paragraph 128 purport to characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 128 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

129.    The allegations in paragraph 129 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 129 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

130.    The allegations in paragraph 130 constitute conclusions of law and purport to characterize federal court decisions, the Clean Water Act, and the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

131.    The allegations in paragraph 131 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

132.    The allegations in paragraph 132 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

133.    The allegations in paragraph 133 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

134.    The allegations in paragraph 134 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

135.    The allegations in paragraph 135 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

136.    The allegations in paragraph 136 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

137.    The allegations in paragraph 137 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

138.    The allegations in paragraph 138 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

139.    The allegations in paragraph 139 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies

that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

140.     The allegations in paragraph 140 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features.

**COUNT II**
**Exclusion of non-abutting Wetlands in Violation of the APA**

141.     Plaintiff incorporates by reference the responses in the preceding paragraphs.

142.     The allegations in paragraph 142 purport to characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 142 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

143.     The allegations in paragraph 143 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 143 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

144.     The allegations in paragraph 144 constitute conclusions of law and purport to characterize federal court decisions, the Clean Water Act, and the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies

that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

145.    The allegations in paragraph 145 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

146.    The allegations in paragraph 146 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

147.    The allegations in paragraph 147 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

148.    The allegations in paragraph 148 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

149.    The allegations in paragraph 149 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

150.    The allegations in paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

151.    The allegations in paragraph 151 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

152.    The allegations in paragraph 152 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

153.    The allegations in paragraph 153 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

154.    The allegations in paragraph 154 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate non-abutting wetlands.

### COUNT III
### Exclusion of Interstate Waters in Violation of the APA

155.    Plaintiff incorporates by reference the responses in the preceding paragraphs.

156.     The allegations in paragraph 156 purport to characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 156 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

157.     The allegations in paragraph 157 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 157 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

158.     The allegations in paragraph 158 constitute conclusions of law and purport to characterize federal court decisions, the Clean Water Act, and the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate interstate waters.

159.     The allegations in paragraph 159 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate interstate waters.

160.     The allegations in paragraph 160 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate interstate waters.

161.    The allegations in paragraph 161 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate interstate waters.

## COUNT IV
### Violation of the Administrative Procedure Act
### Agency Action—Procedural Defects

162.    Plaintiff incorporates by reference the responses in the preceding paragraphs.

163.    The allegations in paragraph 163 purport to characterize federal statutes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 163 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

164.    The allegations in paragraph 164 purport to characterize federal court decisions which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in paragraph 164 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

165.    The allegations in paragraph 165 constitute conclusions of law and purport to characterize federal court decisions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features, non-abutting wetlands, or interstate waters.

166.     The allegations in paragraph 166 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features, non-abutting wetlands, or interstate waters.

167.     The allegations in paragraph 167 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features, non-abutting wetlands, or interstate waters.

168.     The allegations in paragraph 168 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff denies that EPA or the Army have legal authority or administrative discretion to regulate ephemeral features, non-abutting wetlands, or interstate waters.

## PRAYER FOR RELIEF

The remainder of Intervenors' Cross-Complaint consists of their Prayer for Relief, which requires no response. To the extent that a response may be deemed required, Plaintiff denies that Intervenors are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Plaintiff hereby denies any allegations of Intervenors' Cross-Complaint, whether express or implied, that are not otherwise specifically admitted or qualified herein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Cross-Complaint, and without admitting or acknowledging that Plaintiff has any burden to prove any of the following allegations, Plaintiff

alleges the following as separate and independent affirmative defenses as to all claims and claims for relief asserted by Intervenors.

## FIRST AFFIRMATIVE DEFENSE

### (Commerce Clause/Tenth Amendment)

1.      Under the Clean Water Act, the Army Corps of Engineers (Army) and Environmental Protection Agency (EPA) may only regulate discharges to "navigable waters." *See* 33 U.S.C. § 1344(a).

2.      The Navigable Waters Protection Rule defines "navigable waters" to exclude ephemeral tributaries and wetlands that do not abut other regulated waters, that are not flooded by other regulated waters, and are not separated from other regulated waters only by natural or permeable artificial barriers (collectively "deregulated waters"). 33 C.F.R. § 328.3(c)(1).

3.      When enacting the Clean Water Act, Congress had in mind only its traditional regulation of navigation. *SWANCC v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 172 (2001).

4.      *SWANCC* holds that isolated ponds are outside of the scope of the term "navigable waters" under the Clean Water Act, based in part on the absence of a clear statement in the Act that would extend regulation to such features, and the limits that the Commerce Clause and Tenth Amendment place on Congress' regulatory power. 531 U.S. at 174.

5.      "Deregulated waters" routinely occur on private property, such as Plaintiff's members', that legally is or may be used for a wide variety of land uses and purposes, as an aspect of property ownership and affirmed under state and local law. These uses include but are not limited to farming, ranching, roads, ditches, wells, pipelines, tanks, reservoirs, ponds, windmills, power and telecommunications poles and related infrastructure, fencing, livestock pens and

corrals, equipment and storage yards, loading facilities, parking areas, and buildings (including but not limited to barns, sheds, shops, warehouses, stores, garages, and homes). All of these are traditional and customary uses of real property and generally create no nuisance conditions.

6.      Property owners such as Plaintiff's members routinely put their real property to most if not all these uses, consistent with local and state regulation and permitting.

7.      Many of these uses coincide with areas that contain "deregulated waters," and involve non-exempt discharges of dredged or fill material to those features.

8.      Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of "deregulated waters" on private property such as described in the preceding paragraph would extend federal authority to and beyond the outer reaches of the Commerce Power. The Clean Water Act contains no clear statement of Congressional intent to regulate to such extent. *SWANCC*, 531 U.S. at 174. The Agencies' interpreting of the Act in the Navigable Waters Protection Rule to exclude "deregulated waters" is not an exercise of agency discretion, but instead is compelled by the Commerce Clause.

9.      Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of private property such as described in paragraphs 5-7 above would intrude extensively on local land use regulation and water resource regulation and allocation. The Tenth Amendment reserves government power over these questions to the states. *SWANCC*, 531 U.S. at 173 ("This concern is heightened where the administrative interpretation alters the federal-state framework by permitting federal encroachment upon a traditional state power."); *see also Rapanos*, 547 U.S. at 737-38. Clean Water Act regulation of such activities would amount to a federal veto power over local land use law, zoning, and permitting. The Agencies' interpretation of the Clean Water

Act to exclude "deregulated waters" is not an exercise of agency discretion, but instead is compelled by the Tenth Amendment.

## SECOND AFFIRMATIVE DEFENSE

### (Article I/Nondelegation Doctrine)

10.     The Navigable Waters Protection Rule interprets "navigable waters" in the Clean Water Act to exclude ephemeral tributaries and wetlands that do not abut other regulated waters, are not flooded by other regulated waters, and are not separated from other regulated waters only by natural or permeable artificial barriers (collectively "deregulated waters"). 33 C.F.R. § 328.3(c)(1). The Supreme Court has held that while the Clean Water Act regulates some waters that are not navigable-in-fact, it does not regulate all "waters" and that "navigable" must have some limiting meaning. *SWANCC* 531 U.S. 171-72 (the Act regulates some waters not "deemed 'navigable' under the classical understanding of that term" but not all such waters) (quoting *United States v. Riverside Bayview Homes*, 474 U.S. 121, 133 (1985)).

11.     The Act does not define "navigable." If the term does not have its ordinary meaning but instead has some broader or different meaning, then the statute unconstitutionally delegates to EPA and the Army the task of deciding, as a policy matter, what non-navigable wetlands the agencies will regulate. The Agencies themselves see their work as largely one of identifying, balancing, and selecting among competing policy priorities. *See*, *e.g.*, 85 Fed. Reg. at 22,264, 22,270-71, 22,277, 22,290, 22,292, 22,300.

12.     In making this delegation, the Clean Water Act lacks any appropriately understood "intelligible principle" and provides no guidance or criteria to the Agencies to circumscribe their policy decision defining "navigable."

13.     The Act identifies no fact-finding that the Agencies must engage in to define "navigable."

14.     The Act provides no factors for the Agencies to consider, let alone what weight to give to any such factors, in determining the meaning of "navigable."

15.     If "navigable" in the statute means something other than "navigable-in-fact," such that the exclusion of "nonregulated wetlands" from the definition of "navigable waters" is not compelled by the text of the Act and/or the Commerce Clause and Tenth Amendment, then the statute delegates unbounded discretion to the Agencies to define the term, in violation of the non-delegation doctrine, and Article I of the Constitution (vesting "all legislative powers" in the Congress).

16.     If the regulation of "deregulated waters" would violate Article I and the Non-Delegation Doctrine, then the Army and EPA's decision to exclude such "deregulated waters" from the scope of the Navigable Waters Protection Rule cannot be legally invalid on any basis, nor can it be set aside or enjoined under the Administrative Procedure Act.

**THIRD AFFIRMATIVE DEFENSE**

**(Void for Vagueness)**

17.     The Navigable Waters Protection Rule interprets "navigable waters" in the Clean Water Act to exclude ephemeral tributaries and wetlands that do not abut other regulated waters, are not flooded by other regulated waters, and are not separated from other regulated waters only by natural or permeable artificial barriers (collectively "deregulated waters"). 33 C.F.R. § 328.3(c)(1).

18.     The Act does not define "navigable." If the term does not have its ordinary meaning but instead has some broader or different meaning, the Act gives no notice of that meaning or its contours. The Agencies themselves see their work as largely one of identifying, balancing, and selecting among competing policy priorities, rather than elaborating a technical definition of some commonly known term. *See, e.g.*, 85 Fed. Reg. at 22,264, 22,270-71, 22,277, 22,290, 22,292, 22,300; *see also Sackett v. EPA*, 566 U.S. 120, 133 (2012) (Alito, J., concurring) ("the words themselves are hopelessly indeterminate.").

19.     The Due Process Clause of the U.S. Constitution requires that criminal statutes provide adequate notice of the conduct which they proscribe to those who must comply. *United States v. Lanier*, 520 U.S. 259, 265-67 (1997). The Clean Water Act imposes criminal penalties. 33 U.S.C. § 1319(c).

20.     The rule of lenity also requires that statutes with criminal penalties be interpreted in the light most favorable to criminal defendants. *United States v. Granderson*, 511 U.S. 39, 54 (1994) ("[W]here text, structure, and history fail to establish that the Government's position is unambiguously correct—we apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.").

21.     If the term "navigable" in the Act does not have the ordinary meaning of "navigable," but at the same time does not encompass "all waters," then it is impossible for any regulated party to know from the statute what waters are regulated unless and until the Agencies give some meaning to the term.

22.     A statute whose requirements are only knowable after they are "interpreted" by enforcement officials is a classic violation of the void for vagueness doctrine. If "navigable" is

interpreted in a way that its meaning is unknown absent case by case agency interpretation, then the statute fails to give constitutionally adequate notice of the conduct that it proscribes and is void-for-vagueness under the Due Process Clause.

23.     If "navigable" as used in the Clean Water Act is void-for-vagueness, then the decision of the Army and EPA to exclude "deregulated waters" from the scope of the Navigable Waters Protection Rule cannot be legally unsound under any basis, nor can it be set aside or enjoined under the Administrative Procedure Act.

### RESERVATION OF DEFENSES

24.     Plaintiff reserves the right to amend this Answer and to assert additional defenses.

### PRAYER FOR RELIEF

Plaintiff prays that Intervenors take nothing by their Cross-Complaint, and that the Court award Plaintiff its costs and attorneys' fees, and any other relief the Court may deem just and proper.

DATED: July 21, 2020.                    Respectfully submitted:

PACIFIC LEGAL FOUNDATION

By ___ s/ Anthony L. François ___
ANTHONY L. FRANÇOIS (Federal Bar No. 15-74)
MOLLIE R. WILLIAMS (Cal. Bar No. 322970)*
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: TFrancois@pacificlegal.org
Email: MWilliams@pacificlegal.org
*Attorneys for Plaintiff,*
*New Mexico Cattle Growers' Association*
*\*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

s/ Anthony L. François
ANTHONY L. FRANÇOIS
