UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

_____

|   |   |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| AMIGOS BRAVOS, NEW MEXICO ACEQUIA ASSOCIATION, and GILA RESOURCES INFORMATION PROJECT, | ) ) ) ) ) |
| Intervening Cross-Claimants-Defendants, | ) ) |
| v. | ) ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) |
| Cross-Defendants. | ) ) |

Case No. 1:19-cv-00988-RB-SCY

_____)

**FEDERAL DEFENDANTS' ANSWER TO INTERVENORS' CROSS COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendants the United States

Environmental Protection Agency ("EPA"); Andrew Wheeler, in his official capacity as

Administrator of the EPA; the Department of the Army, U.S. Army Corps of Engineers

("Corps"); and R.D. James, in his official capacity as Assistant Secretary of the Army for Civil

1

Works (collectively "Federal Defendants"), answer the Cross Complaint (ECF No. 38) filed by Intervening Cross-Claimants-Defendants Amigos Bravos, New Mexico Acequia Association, and Gila Resources Information Project in the above-captioned case. The headings and subheadings within the Cross Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

1. The allegations in the first and second sentences of Paragraph 1 characterize the Cross Complaint, which speaks for itself and is the best evidence of its contents. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 1.

2. The allegations in Paragraph 2 contain statements of opinion and legal conclusions to which no response is required and characterize the "Navigable Waters Protection Rule," 85 Fed. Reg. 22,250 (April 21, 2020) ("2020 Rule") and the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the Clean Water Act, Federal Defendants deny them.

3. The allegations in Paragraph 3 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule and the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the Clean Water Act, Federal Defendants deny them.

4. The allegations in the second sentence of Paragraph 4 appear to characterize an unidentified statement of the New Mexico Environment Department, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that unidentified statement, Federal Defendants deny them. The remaining allegations in Paragraph

4 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

5.  The allegations in the first sentence of Paragraph 5 characterize Intervening Cross-Claimants-Defendants, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The remaining allegations in Paragraph 5 characterize Intervening Cross-Claimants-Defendants' claims in the Cross Complaint and contain legal conclusions, to which no response is required.

6.  The allegations in Paragraph 6 characterize Intervening Cross-Claimants-Defendants' claims and requests for relief in the Cross Complaint, to which no response is required.

The Cross Complaint omits Paragraph 7 and goes from Paragraph 6 straight to Paragraph 8. Therefore, this answer does the same.

8.  The allegations in Paragraph 8 are legal conclusions to which no response is required.

9.  The allegations in Paragraph 9 contain a legal conclusion to which no response is required. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.  The allegations in Paragraph 10 characterize Intervening Cross-Claimants-Defendant Amigo Bravos, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations in the second and fifth sentences of Paragraph 10 also contain legal conclusions, to which no response is required.

11.  The allegations in Paragraph 11 characterize Intervening Cross-Claimants-Defendant New Mexico Acequia Association, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations in the third, fifth, and seventh sentences of Paragraph 11 also contain legal conclusions, to which no response is required.

12.  The allegations in Paragraph 12 characterize Intervening Cross-Claimants-Defendant Gila Resources Information Project, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations in the second and fifth sentences of Paragraph 12 also contain legal conclusions, to which no response is required.

13.  Federal Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the Clean Water Act. Federal Defendants admit that EPA and the Army, on behalf of the Corps (collectively "the Agencies"), jointly issued the 2020 Rule. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required.

14.  Defendants admit the allegations in the first sentence of Paragraph 14. The remaining allegations in Paragraph 14 are legal conclusions to which no response is required.

15.  Federal Defendants admit that the Corps is a federal agency of the United States and aver that the Corps is a direct reporting unit within the Department of the Army. Federal Defendants admit that the Corps administers provisions of Section 404 of the Clean Water Act. Federal Defendants admit that the Agencies jointly issued the 2020 Rule. The remaining allegations in Paragraph 15 are legal conclusions to which no response is required.

16.   Federal Defendants admit the allegations in the first and second sentences of Paragraph 16. The remaining allegations in Paragraph 16 are legal conclusions to which no response is required.

17.   The allegations in Paragraph 17 characterize several federal statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statutes, Federal Defendants deny them.

18.   The allegations in the first and last sentences of Paragraph 18 are statements of opinion to which no response is required. The allegations in the second through sixth sentences of Paragraph 18 characterize Senate Report No. 92-414 and several federal court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with Senate Report No. 92-414 or the court decisions, Federal Defendants deny them.

19.   Federal Defendants admit that Congress enacted the Clean Water Act in 1972. The remaining allegations in Paragraph 19 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

20.   The allegations in the last sentence of Paragraph 20 are statements of opinion to which no response is required. The remaining allegations in Paragraph 20 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

21.   Federal Defendants admit the allegations in Paragraph 21.

22.   The allegations in Paragraph 22 contain legal conclusions to which no response is

required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

23. The allegations in Paragraph 23 characterize the Clean Water Act and legislative history, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the legislative history, Federal Defendants deny them.

24. The allegations in Paragraph 24 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

25. The allegations in Paragraph 25 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

26. The allegations in Paragraph 26 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

27. The allegations in Paragraph 27 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

28. The allegations in Paragraph 28 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants

deny them.

29.  The allegations  in Paragraph 29 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent  with the Act, Federal Defendants deny them.

30.  The allegations  in the first and third sentences of Paragraph 30 contain legal conclusions  to which no response is required and characterize New Mexico state laws and programs, and Federal Defendants lack knowledge  or information  sufficient  to form a belief as to the truth of such allegations.  Federal Defendants admit the allegations  in the second and fourth sentences of Paragraph 30.

31.  The allegations  in Paragraph 31 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent  with the Act, Federal Defendants deny them.

32.  The allegations  in Paragraph 32 contain legal conclusions  to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent  with the Act, Federal Defendants deny them.

33.  The allegations  in Paragraph 33 characterize the Administrative  Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent  with the Act, Federal Defendants deny them.

34.  The allegations  in Paragraph 34 characterize the Administrative  Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent  with the Act, Federal Defendants deny them.

35.  The allegations in Paragraph 35 characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

36.  The allegations in Paragraph 36 are legal conclusions to which no response is required.

37.  The allegations in Paragraph 37 are legal conclusions to which no response is required.

38.  The allegations in Paragraph 38 are legal conclusions to which no response is required.

39.  The allegations in Paragraph 39 contain legal conclusions to which no response is required and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

40.  The allegations in Paragraph 40 contain legal conclusions to which no response is required and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

41.  The allegations in Paragraph 41 are legal conclusions to which no response is required.

42.  The allegations in Paragraph 42 contain legal conclusions to which no response is required and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal

Defendants deny them.

43.   The allegations in Paragraph 43 characterize unidentified federal regulations or notices which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations or notices, Federal Defendants deny them.

44.   Federal Defendants admit the allegations in Paragraph 44.

45.   The allegations in Paragraph 45 characterize federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, Federal Defendants deny them.

46.   The allegations in Paragraph 46 contain legal conclusions to which no response is required and characterize *United States v. Riverside Bayview Homes*, 474 U.S. 121 (1985), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

47.   The allegations in Paragraph 47 contain legal conclusions to which no response is required and characterize *Solid Waste Agency of N. Cook Cnty v. U.S. Army Corps of Eng'rs*, 531 U.S. 159 (2001) ("*SWANCC*") and *United States v. Hubenka*, 438 F.3d 1026 (10th Cir. 2006), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

48.   The allegations in Paragraph 48 contain legal conclusions to which no response is required and characterize the Supreme Court decision in *Rapanos v. United States*, 547 U.S. 715 (1985), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

49.   The allegations in Paragraph 49 contain statements of opinion and legal conclusions

to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

50.  The allegations in Paragraph 50 contain legal conclusions to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

51.  The allegations in Paragraph 51 contain legal conclusions to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

52.  The allegations in Paragraph 52 contain legal conclusions to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

53.  The allegations in Paragraph 53 contain legal conclusions to which no response is required and characterize several federal court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

54.  Federal Defendants admit that the Agencies issued "Clean Water Act Jurisdiction Following the Supreme Court's Decision in *Rapanos v. United States* & *Carabell v. United States*" in June 2007 and a revised version in December 2008 ("*Rapanos* Guidance"). The

10

remaining allegations in Paragraph 54 characterize the *Rapanos* Guidance, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Guidance, Federal Defendants deny them.

55.  The allegations in Paragraph 55 contain statements of opinion to which no response is required, and characterize the *Rapanos* Guidance, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Guidance, Federal Defendants deny them.

56.  Federal Defendants admit that the Agencies issued "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015), referred to herein as the "2015 Rule", with an effective date of August 28, 2015. The remaining allegations in Paragraph 56 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

57.  The allegations in Paragraph 57 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

58.  The allegations in Paragraph 58 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

59.  The allegations in Paragraph 59 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

60. The allegations in Paragraph 60 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

61. Federal Defendants admit that EPA prepared "Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence" (Jan. 2015), referred to herein as the "Connectivity Report." The remaining allegations in Paragraph 61 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

62. The allegations in Paragraph 62 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

63. The allegations in Paragraph 63 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

64. The allegations in Paragraph 64 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

65. Federal Defendants admit that the Agencies engaged in a public participation process prior to issuing the 2015 Rule, including holding over 400 meetings nationwide with various parties, that the Agencies published the proposed rule on April 21, 2014, with a public comment period that lasted until November 14, 2014, and that the Agencies received more than

one million comments on the proposed rule. The remaining allegations in Paragraph 65 characterize the 2015 Rule and the public comments, which speak for themselves and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule or the comments, Federal Defendants deny them.

66. The allegations in Paragraph 66 characterize Executive Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

67. Federal Defendants admit the Agencies issued "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019), referred to herein as the "2019 Rule," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

68. Federal Defendants admit the allegations in Paragraph 68.

69. Federal Defendants admit that the Agencies jointly issued a proposed rule, "Revised Definition of 'Waters of the United States,'" 84 Fed. Reg. 4,154 (Feb. 14, 2019), referred to by Intervening Cross-Claimants-Defendants as the "Proposed Replacement Rule," and that the Proposed Replacement Rule had a 60-day public comment period and that EPA declined to extend that period.

70. Federal Defendants admit the allegations in Paragraph 70.

71. Federal Defendants admit the allegations in Paragraph 71.

72. The allegations in the first sentence of Paragraph 72 characterize the Navigable Water Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (April 21, 2020), referred to herein as the "2020 Rule," which speaks for itself and is the best evidence

of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal

Defendants deny them. As to the allegations in the second sentence of Paragraph 72, Federal

Defendants admit that the 2020 Rule became effective on June 22, 2020, except in the State of

Colorado.

73.   The allegations in Paragraph 73 contain legal conclusions to which no response is

required, and characterize the 2020 Rule, 2015 Rule, and Connectivity Report, which speak for

themselves and are the best evidence of their contents. To the extent the allegations are

inconsistent with the 2020 Rule, 2015 Rule, or Connectivity Report, Federal Defendants deny

them.

74.   The allegations in Paragraph 74 characterize the 2020 Rule, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the

2020 Rule, Federal Defendants deny them.

75.   The allegations in Paragraph 75 characterize the 2020 Rule, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the

2020 Rule, Federal Defendants deny them.

76.   The allegations in Paragraph 76 characterize the 2020 Rule, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the

2020 Rule, Federal Defendants deny them.

77.   The allegations in Paragraph 77 characterize the 2020 Rule, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the

2020 Rule, Federal Defendants deny them.

78.   The allegations in Paragraph 78 characterize the 2020 Rule, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

79. The allegations in Paragraph 79 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

80. The allegations in Paragraph 80 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

81. The allegations in Paragraph 81 contain legal conclusions to which no response is required and characterize the 2020 Rule and the Clean Water Act, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the Act, Federal Defendants deny them.

82. The allegations in Paragraph 82 contain speculations and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

83. The allegations in Paragraph 83 contain legal conclusions to which no response is required and characterize the 2020 Rule and *Rapanos*, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or *Rapanos*, Federal Defendants deny them.

84. The allegations in Paragraph 84 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule and Connectivity Report,

which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or Connectivity Report, Federal Defendants deny them.

85. The allegations in the third through sixth sentences in Paragraph 85 are vague hypotheticals and Federal Defendants lack a sufficient basis to admit or deny them. The remaining allegations in Paragraph 85 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

86. The allegations in Paragraph 86 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

87. The allegations in Paragraph 87 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

88. The allegations in Paragraph 88 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

89. The allegations in Paragraph 89 contain statements of opinion and legal conclusions

to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

90.   The allegations in Paragraph 90 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

91.   The allegations in the first sentence of Paragraph 91 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The remaining allegations in Paragraph 91 contain statements of opinion to which no response is required and are vague and overbroad, and Federal Defendants lack sufficient basis to admit or deny them.

92.   The allegations in Paragraph 92 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

93.   The allegations in the first, seventh, and eighth sentences of Paragraph 93 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The remaining allegations in Paragraph 93 contain statements of opinion to which no response is required and

are vague, speculative, and overbroad, and Federal Defendants lack sufficient basis to admit or deny them.

94. The allegations in Paragraph 94 contain legal conclusions to which no response is required and characterize Intervening Cross-Claimants-Defendants Amigos Bravos, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

95. The allegations in Paragraph 95 characterize Intervening Cross-Claimants-Defendants Amigos Bravos and their Articles of Incorporation, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

96. Federal Defendants admit the allegations in Paragraph 96.

97. The allegations in Paragraph 97 characterize Cross-Claimants-Defendants Amigos Bravos' activities and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

98. Federal Defendants admit that Amigos Bravos submitted comments on "Updating Regulations on Water Quality Certification" 84 Fed. Reg. 244,080 (Apr. 22, 2019). The remaining allegations in the Paragraph 98 are vague, and Federal Defendants lack sufficient basis to admit or deny them.

99. The allegations in Paragraph 99 characterize Intervening Cross-Claimants-Defendants Amigos Bravos, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

100. The allegations in Paragraph 100 characterize Intervening Cross-Claimants-Defendants Amigos Bravos, and Federal Defendants lack knowledge or information sufficient

to form a belief as to the truth of such allegations.

101.  The allegations in Paragraph 101 characterize Intervening Cross-Claimants-Defendants Amigos Bravos, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

102.  Federal Defendants admit that the Los Alamos National Laboratory has been issued several NPDES permits. The remaining allegations in Paragraph 102 contain legal conclusions to which no response is required and characterize the Cross-Claimants-Defendants Amigos Bravos and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

103.  The allegations in Paragraph 103 are vague and speculative and contain statements of opinion and legal conclusions to which no response is required.

104.  The allegations in Paragraph 104 are legal conclusions to which no response is required.

105.  The allegations in Paragraph 105 are legal conclusions to which no response is required.

106.  The allegations in Paragraph 106 characterize Intervening Cross-Claimants-Defendants New Mexico Acequia Association and its bylaws, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

107.  The allegations in Paragraph 107 characterize Intervening Cross-Claimants-Defendants New Mexico Acequia Association's Statement of Core Values, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

108.  Federal Defendants admit the allegations in Paragraph 108.

109.  The allegations in Paragraph 109 are vague and characterize Intervening Cross-Claimants-Defendants New Mexico Acequia Association's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

110.  The allegations in Paragraph 110 characterize Intervening Cross-Claimants-Defendants New Mexico Acequia Association, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

111.  The allegations in Paragraph 111 contain legal conclusions to which no response is required and characterize Intervening Cross-Claimants-Defendants New Mexico Acequia Association, and Federal Defendants lack knowledge or information sufficient to form a belief as to such allegations.

112.  The allegations in Paragraph 112 are speculative and contain statements of opinion and legal conclusions to which no response is required.

113.  The allegations in Paragraph 113 are legal conclusions to which no response is required.

114.  The allegations in Paragraph 114 are legal conclusions to which no response is required.

115.  The allegations in Paragraph 115 characterize the Articles of Incorporation of Intervening Cross-Claimants-Defendants Gila Resources Information Project, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

116.  The allegations in Paragraph 116 characterize Intervening Cross-Claimants-

Defendants Gila Resources Information Project, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

117. The allegations in Paragraph 117 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

118. The allegations in Paragraph 118 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

119. Federal Defendants admit the allegations in Paragraph 119.

120. The allegations in Paragraph 120 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

121. The allegations in Paragraph 121 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

122. The allegations in Paragraph 122 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project's activities, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

123. The allegations in Paragraph 123 characterize Intervening Cross-Claimants-Defendants Gila Resources Information Project, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

124. The allegations in Paragraph 124 characterize Intervening Cross-Claimants-

Defendants Gila Resources Information Project, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

125.  The allegations in Paragraph 125 are statements of opinion and legal conclusions to which no response is required.

126.  The allegations in Paragraph 126 are legal conclusions to which no response is required.

127.  Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 126 herein.

128.  The allegations in Paragraph 128 contain legal conclusions to which no response is required and characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the 2020 Rule, Federal Defendants deny them.

129.  The allegations in Paragraph 129 contain legal conclusions to which no response is required and characterize *Rapanos*, and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with *Rapanos*, or the 2020 Rule, Federal Defendants deny them.

130.  The allegations in Paragraph 130 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

131.  The allegations in Paragraph 131 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for

itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

132. The allegations in Paragraph 132 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

133. The allegations in Paragraph 133 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

134. The allegations in Paragraph 134 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

135. The allegations in Paragraph 135 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

136. The allegations in Paragraph 136 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

137.  The allegations in Paragraph 137 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

138.  The allegations in Paragraph 138 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

139.  The allegations in Paragraph 139 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

140.  The allegations in Paragraph 140 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

141.  Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 140 herein.

142.  The allegations in Paragraph 142 contain legal conclusions to which no response is required and characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the 2020 Rule, Federal Defendants deny them.

143.  The allegations in Paragraph 143 contain legal conclusions to which no response is required and characterize *Rapanos* and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with *Rapanos*, or the 2020 Rule, Federal Defendants deny them.

144.  The allegations in Paragraph 144 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

145.  The allegations in Paragraph 145 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

146.  The allegations in Paragraph 146 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

147.  The allegations in Paragraph 147 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

148.  The allegations in Paragraph 148 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for

25

itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

149.  The allegations in Paragraph 149 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

150.  The allegations in Paragraph 150 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

151.  The allegations in Paragraph 151 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

152.  The allegations in Paragraph 152 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

153.  The allegations in Paragraph 153 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

154.  The allegations in Paragraph 154 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

155.  Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 154 herein.

156.  The allegations in Paragraph 156 contain legal conclusions to which no response is required and characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the 2020 Rule, Federal Defendants deny them.

157.  The allegations in Paragraph 157 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

158.  The allegations in Paragraph 158 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

159.  The allegations in Paragraph 159 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

160. The allegations in Paragraph 160 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

161. The allegations in Paragraph 161 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

162. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 161 herein.

163. The allegations in Paragraph 163 are legal conclusions to which no response is required.

164. The allegations in Paragraph 164 are legal conclusions to which no response is required.

165. The allegations in Paragraph 165 are legal conclusions to which no response is required.

166. The allegations in Paragraph 166 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

167. Federal Defendants admit that the Proposed Replacement Rule had a 60-day public comment period. The remaining allegations in Paragraph 167 contain statements of

opinion and legal conclusions to which no response is required and characterize the Proposed

Replacement Rule or public comments, which speak for themselves and are the best evidence

of their contents. To the extent the allegations are inconsistent with the Proposed Replacement

Rule or the comments, Federal Defendants deny them.

168.  The allegations in Paragraph 168 are legal conclusions to which no response is

required.

Federal Defendants deny that Intervening Cross-Claimants-Defendants are entitled to

the relief included in the "Prayer for Relief" set forth at page 55 of the Cross Complaint.

## GENERAL DENIAL

To the extent any factual allegation in the Cross Complaint has not been admitted or

specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense, including but limited to, those

expressly found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the

record in this action.

Respectfully submitted this 31st day of August, 2020.

> JONATHAN D. BRIGHTBILL
> Principal Deputy Assistant Attorney General
> Environment and Natural Resources Division
>
> /s/ Sonya J. Shea
> SONYA J. SHEA
> Trial Attorney
> Environmental Defense Section
> U.S. Department of Justice
> 999 18th Street, South Terrace, Suite 370
> Denver, CO 80202
> Telephone: (303) 844-7231
> Facsimile: (303) 844-1350
> sonya.shea@usdoj.gov

ERICA ZILIOLI
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-6390
Facsimile: (202) 514-8865
Erica.Zilioli@usdoj.gov

JOHN C. ANDERSON
United States Attorney

*/s/ Manuel Lucero*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1467

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Sonya J. Shea*