UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants,<br><br>and<br><br>AMIGOS BRAVOS, NEW MEXICO ACEQUIA ASSOCIATION, and GILA RESOURCES INFORMATION PROJECT,<br><br>Intervening Cross-Claimants-Defendants,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Cross-Defendants. | Case No. 1:19-cv-00988-RB-SCY |

**JOINT/UNOPPOSED MOTION TO FURTHER EXTEND STAY**

Pursuant to this Court's July 7, 2021 Order directing the Parties to "file either a joint motion or separate proposals to further govern proceedings no later than October 1, 2021," Dkt. No. 69, and D.N.M.LR-Civ 7.2, Defendants/Cross-Defendants (the "Agencies") and Plaintiff jointly move to extend the stay by six months, extending the end of the stay from October 1,

1

2021 to April 1, 2022. Intervening Cross-Claimants-Defendants ("Intervenors") do not object to this motion. The Agencies and Plaintiff have good cause for this request:

1.	In this proceeding, Plaintiff challenges two rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: the Definition of "Waters of the United States" – Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule"), and the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR"). Intervenors challenge the NWPR.

2.	Plaintiff initiated this lawsuit on October 22, 2019, first challenging the 2019 Rule. Dkt. No. 1. On April 27, 2020, Plaintiff filed its Supplemental Complaint, which challenges both the NWPR and the previous 2019 Rule. Dkt. No. 26. The Agencies answered on June 29, 2020. Dkt. No. 36.

3.	Intervenors filed their Cross Complaint on June 30, 2020. Dkt. No. 38. The Agencies answered on August 31, 2020. Dkt. No. 53.

4.	On May 26, 2020, Plaintiff moved to preliminary enjoin portions of the NWPR. Dkt. No. 30. Briefing on that motion was complete in July, 2020. *See* Dkt. No. 45. On February 10, 2021, the Court denied Plaintiff's preliminary injunction motion without prejudice and granted the Parties' joint motion to stay proceedings. Dkt. No. 59.

5.	Since then, the Agencies sought, and the Court granted, two extensions of the stay while the Agencies reviewed the NWPR. Dkt. Nos. 60, 64, 65, 66. Unless extended, the stay expires October 1, 2021. *See* Dkt. No. 66.

6.	There are no other outstanding motions or deadlines before the Court in this matter.

7.	On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to

Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). In conformance with the Executive Order, the Agencies began reviewing a number of regulations promulgated in the last four years, including the NWPR at issue in this case.

8. On June 9, 2021, the Agencies issued a press release stating that, after reviewing the NWPR, they have decided to initiate new rulemaking to revise the definition of "waters of the United States." *See* https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed September 20, 2021). In light of this new rulemaking, on June 30, 2021, the Agencies filed a motion to continue the stay in this proceeding until October 1, 2021. Dkt. No. 67. On July 7, 2021, the Court granted the motion. Dkt. No. 67.

9. On August 4, 2021, the Agencies issued a *Federal Register* notice announcing that the Agencies intend to revise the definition of "waters of the United States" and seeking stakeholder input. 86 Fed. Reg. 41,911 (Aug. 4, 2021).

10. The Agencies have filed motions to remand the NWPR without vacatur in a number of other proceedings where the NWPR is being challenged. *See Conservation Law Foundation v. EPA*, 20-cv-10820-DPW (D. Mass.) at Dkt. No. 113 (June 9, 2021); *South Carolina Coastal Conservation League, et al. v. Regan, et al.*, 2:20-cv-01687-BHH (D.S.C.) at Dkt. No. 140 (June 21, 2021); *Waterkeeper Alliance, Inc., et al. v. Regan, et al.*, 3:18-cv-03521-RS (N.D. Cal.) at Dkt. No. 111 (June 22, 2021); *Navajo Nation v. Regan, et al.*, 2:20-cv-00602-MV-GJF (D.N.M.) at Dkt. No. 32 (June 22, 2021); *Pascua Yaqui Tribe v. EPA*, 4:20-cv-00266-RM, at Dkt. No. 72 (D. Ariz. July 2, 2021); *Pueblo of Laguna v. Regan*, No. 21-cv-00277-JFR-KK, at Dkt. No. 28 (D.N.M. July 2, 2021); *Env't Integrity Project v. EPA*, 1:20-cv-01734-KBJ, at Dkt. No. 34 (D.D.C. August 6, 2020).

11. On July 15, 2021, the court in *S.C. Coastal Conservation League v. Wheeler* granted the Agencies' motion to remand the NWPR without vacatur and dismissed the suit, *see* No. 2:20-cv-01687-BHH, at Dkt. No. 147 (D.S.C. July 15, 2021).

12. On August 30, 2021, the court in *Pascua Yaqui Tribe v. EPA* granted the Agencies' motion for remand, and also vacated the NWPR, *see* 4:20-cv-00266-RM, at Dkt. No. 99 (D. Ariz. Aug. 30, 2021). Several other courts that have decided the Agencies' motions have granted the requests to remand the NWPR, but declined to reach the issue of vacatur in light of the *Pascua Yaqui* order. *See Conservation Law Found. v. EPA*, No. 1:20-cv-10820-DPW, at Dkt. No. 122 (D. Mass. Sept. 1, 2021); *California v. Wheeler*, No. 3:20-cv-03005-RS, at Dkt. No. 271 (N.D. Cal. Sept. 16, 2021); *Waterkeeper All. v. Wheeler*, No. 3:18-cv-03521-RS, at Dkt. No. 125 (N.D. Cal. Sept.16, 2021); *Pueblo of Laguna v. Regan*, No. 21-cv-00277-JFR-KK, at Dkt. No. 40 (D.N.M. Sept. 21, 2021);

13. On September 27, 2021, the court in *Navajo Nation v. Regan* granted the Agencies' motion for remand, and also vacated the NWPR, *see* 2:20-cv-00602-MV-GJF, at Dkt. No. 43 (D.N.M. Sept. 27, 2021).

14. The Agencies are currently weighing next steps in response to the *Pascua Yaqui* and *Navajo Nation* orders. The intervenor defendants in *Pascua Yaqui* may also be weighing their response to the *Pascua Yaqui* order. How these entities respond to the *Pascua Yaqui* order may affect how the parties in this proceeding approach this litigation.

15. Moreover, the Agencies are in the process of a new rulemaking to define "waters of the United States." In light of these uncertainties, the Parties agree that a further six-month abeyance in this proceeding is warranted and would promote judicial economy.

16. The Parties have met and conferred regarding this motion. Intervenors have expressed no objections to a 6 month extension of the stay. Accordingly, the Agencies and Plaintiff jointly move to request to stay this proceeding until April 1, 2022. This motion is without prejudice to the right of any party to seek a further stay at the end of the abeyance period. The Parties retain the right to move this Court to lift the stay prior to the end of the abeyance period if circumstances warrant resuming litigation.

For the foregoing reasons, the Agencies and Plaintiff respectfully request that the Court stay this proceeding until April 1, 2022. The Parties will file a joint status report and proposal(s) to further govern proceedings by no later than April 1, 2022.

Dated: September 30, 2021                              Respectfully submitted,

/s/ Hubert T. Lee
HUBERT T. LEE
SONYA J. SHEA
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-1806 (Lee)
(303) 844-7231 (Shea)
Hubert.lee@usdoj.gov
Sonya.shea@usdoj.gov

FRED J. FEDERICI
Acting United States Attorney

MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1467
Manny.lucero@usdoj.gov

*Counsel for Defendants*

/s/ Charles T. Yates
CHARLES T. YATES
(D. N.M. Bar No. 21-240)
PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Email: CYates@pacificlegal.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on Sept. 30, 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Hubert T. Lee*